**UNITED STATES BANKRUTPCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Prasert Limsumang | ) | |
| And | ) | Case No. 25-12066-BFK |
| Page Limsumang, | ) | Chapter 11 |
| | ) | |
| Debtors-in-Possession | ) | |

**MOTION OF THE DEBTORS-IN-POSSESSION PURSUANT
TO BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER
APPROVING THE SETTLEMENT BETWEEN DEBTORS AND HUNAN
CAFÉ CHANTILLY INC. (CREDITOR)**

The above-captioned Debtors-in-Possession (hereinafter the "Debtors-in-Possession" or "Debtors"), by and through their undersigned counsel, hereby file this motion for entry of an order pursuant to Sections 105 and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code") as well as Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors to enter into and approving a Release and Settlement Agreement ("Agreement") with HUNAN CAFÉ CHANTILLY,

/s/ *Madeline A. Trainor* VSB # 18531
Madeline A. Trainor, Esquire
REDMON, PEYTON & BRASWELL, LLP
510 King Street, Suite 301
Alexandria, Virginia 22314
703-684-2000
mtrainor@rpb-law.com

Counsel for the Debtors-in-Possession

INC. (the "Creditor") in the form attached hereto as Exhibit A. In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PRELIMINARY STATEMENT

1. Debtors-in-Possession, Prasert and Page Limsumang, Husband and Wife, filed a joint petition for relief in bankruptcy under Chapter 11 of the Bankruptcy Coode on October 6, 2025. The Debtors are managing their property as Debtors-in-Possession, pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. One reason for the filing of the case under Chapter 11 is that they did not qualify to file for bankruptcy relief in Chapter 7 because their income is too high, and they did not qualify to file under Chapter 13 because their debt was too high.

3. The second reason for the filing was that one unsecured creditor, Hunan Café Chantilly, Inc. holds a claim against the Debtors that the creditor states to be in excess of Six Hundred Thousand Dollars, and that creditor was

aggressively pursuing collection activities in the Fairfax County Circuit Court against both Husband and Wife simultaneously but at different stages of the collection activity.

4. The third reason for the filing was that the Debtors also had a very significant amount of credit card and personal unsecured debt that was creating difficulty for them to handle at the time.

5. Early in the case, the Creditor filed a Motion to Dismiss the case based upon the premise that the matter before the Court was a "two-party dispute" and should be handled in State Court, and that the case was filed in "bad faith". Debtors objected to the Motion, and the case was heard, with testimony given by the Debtor Wife before the Court. The Court, after taking the matter under consideration, ruled that the bankruptcy case was not simply a "two-party dispute" and the case had not been filed in bad faith.

6. The Debtors and the Creditor Hunan Café Chantilly Inc. have, since the Court's ruling, reached a settlement (the "Settlement") of the claim of Hunan Café Chantilly Inc., whose proof of claim was filed in the amount of $611,034.07 (Six Hundred Eleven Thousand Thirty Four Dollars and Seven Cents). The Settlement Agreement is hereby attached as Exhibit A.

7. The terms of the Agreement pertinent to this Motion and which relate to the Debtors only are as follows:

> "Within five (5) calendar days of the Bankruptcy Court's approval of the instant Agreement, the Limsumangs, jointly and severally, shall pay the sum of $175,000.00 (One Hundred Seventy-Five Thousand Dollars and No Cents) to [Hunan Café Chantilly Inc.] by direct deposit of into an account designated by [Hunan Café Chantilly Inc.].  Upon receipt of the $175,000.00, Hunan Cafe Chantilly Inc. and the Limsumangs shall release all claims against each other."

8. By this Motion, Movant seeks the entry of an order, under Sections 105, and other relevant sections of the Bankruptcy Code and Bankruptcy Rule 9019(a), authorizing the Debtors to enter into and approving the Agreement with Hunan Café Chantilly Inc.

## ARGUMENT

9. Bankruptcy Rule 9019 provides, in pertinent part, that, "[o]n the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Settlements under Bankruptcy Rule 9019 are favored in bankruptcy as they avoid the expenses associated with

litigating claims that can prove burdensome and expensive for the bankruptcy estate. *Myers v. Martin (In re Martin),* 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 does not set forth the criteria for the approval of a settlement. This leaves the court with wide discretion to approve or reject a settlement. *Woodson v. Fireman's Fund Ins. Co.* (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988) ("[t]he bankruptcy court has great latitude in approving compromise agreements"). This discretion means that courts are not required to consider each issue of fact or law raised by the settlement.

10. When evaluating settlement approval, courts will determine whether the settlement "falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983). In assessing the lowest range of reasonableness, courts will look to whether the settlement is "fair and equitable" and in the "best interests of the estate." *In re TCI 2 Holdings, LLC,* 428 B.R. 117, 136 *(*Bankr. D.N.J. 2010*)*.

11. When reviewing whether a settlement is fair and equitable and in the best interests of the estate, courts consider the following factors:

(a) The probability of success in litigation;

The Debtors believe that they can ultimately prevail by objecting to the amount of the Creditor's claim, as well as proposing a Chapter 11 Plan

that would satisfy all of the creditors and would result in a confirmed Chapter 11 Plan. However, it is true that the claim made by Hunan Café Chantilly Inc. is significantly higher than all the other clams in the case if they were all added together, and any Plan proposed would require the consent of the Creditor. Prior to this Settlement, such consent might be characterized as being "aspirational" at best.

The outcome of any litigation is uncertain. See *In re Laser Realty, Inc. v. Fernandez* (In re Fernandez), 2009 Bankr. LEXIS 2846, at *9-10 (Bankr. D.P.R. Mar. 31, 2009) ("[t]he Court concludes that the uncertainty of the litigation between the debtors and Citibank weighs heavily in favor of the approval of the Settlement Agreement").

The Settlement would eliminate this risk and provide an immediate benefit to the estate. See Yacovi v. Rubin & Rudman, L.L.P. (In re Yacovi), 411 Fed. Appx. 342, 346-47 (1st Cir. 2011) (settlement providing for payment of a "fraction of the damages" claimed "constituted a 'definitive, concrete and immediate benefit[]' that the Trustee reasonably concluded outweighed the uncertainty and delay of litigation") (internal citations omitted).

(b)    The likely difficulties in collection;

6

The Creditor is the one who can best speak to how difficult collection on such judgments can be. Confession Judgments were executed by both of the Debtors in 2013, and filed in Fairfax County, but the litigation in Fairfax was still ongoing when the Bankruptcy Petition was filed on October 6, 2025.

The filing of the Monthly Operating Reports allows a judgment creditor to view the current finances of the Debtors, but because of the protections under the Bankruptcy Code, the Creditor cannot garnish funds or wages, not place a judgment lien on any real property owned by the Debtors.

Although the Debtors have a significant asset in the cash it has in any DIP account, that sum is not automatically allocated specifically to this particular Creditor, even though its claim may dwarf some of the other debts disclosed in the petition and in the claims register found in the case. Whether or not Debtors could propose a Plan to satisfy the Creditor, if the Creditor was required to accept 60 (or more) monthly installment payments through a Plan, a Creditor would likely be unhappy.

(c)   Complexity of the Litigation Involved, and the Expense, Inconvenience, and Delay Attending It;

The complexity of the issues, and the expense, inconvenience, and delay caused by litigation with Hunan Cafe Chantilly Inc. on a claim objection weigh in favor of granting the Motion. Such litigation could involve significant costs and could stall the confirmation of any Chapter 11 Plan proposed. In fact, if the Debtors were not successful it is always a possibility that no Plan can be confirmed, and much time and many expenses will have been expended on both sides.

In addition, the Settlement avoids the delays which are automatically caused by litigation and provides both the Debtors and the creditor with an immediate and certain payment. See, e.g., *In re Fibercore, Inc.*, 391 B.R. 647, 656 (Bankr. D. Mass. 2008) ("[t]o pursue the actions which Silica Tech proposes would likely result in a significant delay in administering the estate without the guaranty of success - and an indeterminable increase in administrative costs.").Resolving the claim of Creditor at this early stage, for arguably far less than Creditor's full claim amount, will result in a net benefit to the estate by allowing for

faster plan confirmation and providing a higher certainty of a full recovery to other creditors.

(d)  The paramount interest of creditors.

In assessing these factors, the court does not need to conduct a trial or a "mini-trial" on the merits of the claims but must consider whether the settlement is within the range of reasonableness based on the above criteria. As part of this evaluation, the court affords deference to the debtor's business judgment. *In re Milazzo*, 450 B.R. 363, 376 (Bankr. D. Conn. 2011) ("[c]ompromises are generally approved if they meet the business judgment of the trustee") (citing In re Indian Motorcycle, Inc., 289 B.R. 269, 283 (1st Cir. B.A.P. 2003)); *see also In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) ("[w]e may give weight to the informed judgments of the trustee or debtor-in-possession and their counsel that a compromise is fair and equitable . . .").

 The interests of the remaining creditors weigh in favor of approving the Settlement. The prompt and efficient resolution of this particular dispute avoids incurring unnecessary litigation and costs. The Settlement results in a payment being made to the largest Creditor, and

a release of any and all claims Hunan Cafe Chantilly Inc. has or may have against the estate. The Debtors will be significantly positioned for a shorter and more realistic Plan in this case. Accordingly, the Settlement is in the best interest of the estate and its creditors and should be approved.

## BASIS FOR RELIEF REQUESTED

12. This Court has the right and the power to approve the Agreement pursuant to 11 U.S.C. § 105; and Federal Rule of Bankruptcy Procedure 9019.

Section 105(a) of the Bankruptcy Code further provides: The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. 11 U.S.C. § 105.

A reviewing court will uphold the approval of a settlement if it is the result of "an adequate and intelligent consideration of the merits of the claims, the difficulties of pursuing them, the potential harm to the debtor's estate caused by delay, and the fairness of the terms of the settlement." *Protective Comm.*

*For Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 434 (1968).

13. The Debtors -in-Possession request that any order approving this Motion be effective immediately, thereby waiving the 14-day stay period imposed by Bankruptcy Rule 6004(h). This waiver of the 14-day stay period is necessary for the Agreement to be implemented as expeditiously as possible and within the time frames contemplated by the Debtors and the Creditor. Accordingly, the Debtors hereby request that the Court eliminate the 14-day stay period imposed by Bankruptcy Rule 6004(h).

**WHEREFORE**, the Debtors-in-Possession respectfully request that this Court

1. enter an order (i) granting this Motion;

2. enter an order approving the proposed Settlement;

3. granting the Debtor-in-Possession the authority to engage in any and all acts to consummate the Agreement;

4. waiving the 14-day stay period imposed by Bankruptcy Rule 6004(h); and

5. awarding the Debtors-in-Possession any such other and further relief that this Court deems just and proper.

Respectfully Requested:

PRASERT LIMSUMANG
PAGE LIMSUMANG
BY COUNSEL

/s/ *Madeline A. Trainor* VSB # 18531
Madeline A. Trainor, Esquire
REDMON, PEYTON & BRASWELL, LLP
510 King Street, Suite 301
Alexandria, Virginia 22314
703-684-2000
mtrainor@rpb-law.com
Counsel for the Debtors-in-Possession

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served by U.S.P.S., first class mail, postage prepaid or by ECF as authorized by the Standing Orders and Local Rules of this Court, on all creditors and parties in interest in this case, utilizing the mailing matrix maintained by this Court and hereby attached, on the 6th day of March, 2026, including:

Office of the United States Trustee
Michael  Freeman, Esquire
Jack I. Frankel, Esquire
18325 Duke Sreet, Suite 650
Alexandria, Virginia 22314.

/s/ *Madeline A. Trainor*
Madeline A. Trainor